STATE OF NORTH CAROLINA v. MAURICE SHEPHERD

No. COA02-219

(Filed 4 February 2003)

**1. Sexual Offenses— first-degree statutory sexual offense— sufficiency of short-form indictment**

The short-form indictment used to charge defendant with first-degree statutory sexual offense was constitutional even though it did not allege all of the elements of the crime.

STATE v. SHEPHERD

[156 N.C. App. 69 (2003)]

**2. Evidence— expert opinion testimony—sexual abuse**

The trial court did not err in a first-degree sexual offense and taking indecent liberties with a child case by allowing an expert to testify as to her opinion that the minor child had been sexually abused, because the expert's opinion was based on both a physical examination and resulting findings and a review of the minor child's medical history.

**3. Evidence— hearsay—medical history—not offered for truth of matter asserted**

The trial court did not err in a first-degree sexual offense and taking indecent liberties with a child case by allowing a doctor's testimony as to what the minor child had told her during the medical examination even though defendant contends it was inadmissible hearsay, because: (1) the minor child's statements were made during the gathering of information to obtain her medical history; and (2) the statements were not offered for the truth of the matter asserted but to illustrate the type of information the doctor collected in order to diagnose the minor child.

**4. Evidence— expert opinion testimony—no expression of defendant's guilt**

A doctor did not express an opinion as to defendant's guilt so as to invade the province of the jury in a prosecution for first-degree sexual offense and taking indecent liberties with a child when she testified that she had recommended that the minor child "have no further contact with the alleged perpetrator" and that "the legal system would not try someone if the medical opinion were not supportive of that."

**5. Appeal and Error— appealability—issue already decided**

Although defendant contends the trial court committed plain error by instructing the jury on the offense of first-degree statutory sexual offense and defining a sexual act as either fellatio or anal intercourse, this assignment of error is overruled because: (1) another panel of the Court of Appeals has already decided this same issue against defendant; and (2) defendant offered no argument for a deviation from established precedent.

Appeal by defendant from judgments dated 19 September 2001 by Judge Cy A. Grant, Sr. in Northampton County Superior Court. Heard in the Court of Appeals 7 January 2003.

STATE v. SHEPHERD

[156 N.C. App. 69 (2003)]

*Attorney General Roy Cooper, by Assistant Attorney General Celia Grasty Lata, for the State.*

*Belser & Parke, P.A., by David G. Belser, for defendant appellant.*

BRYANT, Judge.

Maurice Shepherd (Defendant) appeals from judgments dated 19 September 2001 entered consistent with a jury verdict finding him guilty of two counts of first-degree sexual offense and three counts of taking indecent liberties with a child. We find no error.

At trial, Dr. Rebecca Coker (Dr. Coker), who had examined the minor child[1] approximately four months after the alleged sexual abuse, testified as an expert in the field of pediatrics with special expertise in the evaluation of child abuse cases. Dr. Coker stated in the case of penile anal and oral penetration, as alleged in this case, "[i]f there[ has] been a significant delay in terms of the disclosure, any kinds of physical findings might not be present." Furthermore, "seventy-five percent of the time even when there is confessed penetration, there may be no physical findings." Apart from any physical evidence, other factors that indicate sexual abuse in children include their behavioral changes and their ability to describe what happened.

Dr. Coker testified that during her examination of the minor child, she did find "changes in the tissues around . . . and below the hymen that were consistent with trauma" and could have been caused by attempted anal penetration. Dr. Coker reviewed the minor child's medical history, which included (1) previous interviews between the minor child, her mother, and a social worker regarding the abuse and (2) a list of the behavioral changes the minor child had experienced since the alleged abuse. The behavioral changes consisted of sleep disturbance, sexualized behavior in the school environment, fear, and post-traumatic stress symptoms such as her fear of walking through the house alone. As part of her medical history, the minor child also described to Dr. Coker how Defendant "had penetrated her orally with his penis and had attempted to penetrate her anally."

Dr. Coker opined: "In this case, medical history is probably the most determinative factor in making a diagnosis [the minor child] had

---

1. At the time of the offenses, the minor child was seven years old.

indeed experienced sexual contact that was inappropriate for her developmental stage." Dr. Coker noted "the clarity of the history, the nature of the disclosure, and the behavioral changes that [the minor child] exhibited" and, over Defendant's objection, concluded "there ha[d] been sexual contact that was inappropriate." As part of her treatment plan for the minor child, Dr. Coker recommended she receive counseling and "have no further contact with the alleged perpetrator." When asked on cross-examination why she was more often asked to testify for the State, Dr. Coker explained that "the legal system would not try someone if the medical opinion were not supportive of that."

At the end of all the evidence, the trial court instructed the jury that in order to find Defendant guilty of first-degree statutory sexual offense, one factor the State had to prove was the commission of a sexual act. The trial court then defined a sexual act as either fellatio or anal intercourse.

---

The issues are whether: (I) the short-form indictments insufficiently allege the elements of first-degree statutory sexual offense and are therefore unconstitutional; (II) there was an insufficient foundation to allow Dr. Coker to express her expert opinion that the minor child had been sexually abused; (III) Dr. Coker's testimony as to what the minor child had told her during the medical examination was inadmissible hearsay; (IV) Dr. Coker's testimony amounted to an expression on Defendant's guilt or innocence; and (V) the trial court committed plain error in instructing the jury on the offense of first-degree statutory sexual offense.

I

**[1]** Defendant first argues the short-form indictments against him insufficiently allege the elements of first-degree statutory sexual offense and are therefore invalid. Defendant acknowledges in his brief to this Court that our Supreme Court has previously held short-form indictments, including those for first-degree sexual offense, that comply with the statutes authorizing short-form indictments but fail to allege all the elements of the crime charged to be constitutional. *See State v. Wallace*, 351 N.C. 481, 503-08, 528 S.E.2d 326, 341-43 (2000) (noting the "overwhelming case law approving the use of short-form indictments and the lack of a federal mandate to change that determination"); N.C.G.S. § 15-144.2 (2001). As we are bound by our Supreme Court's holding, this assignment of error is overruled.

II

**[2]** Defendant next contends Dr. Coker's expert opinion that the minor child had been sexually abused lacked the requisite foundation as there was no physical evidence in support thereof.

It is well established that "[i]f scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion." N.C.G.S. § 8C-1, Rule 702(a) (2001). Expert opinion testimony, however, is inadmissible to establish the credibility of the victim as a witness. *State v. Dixon*, 150 N.C. App. 46, 52, 563 S.E.2d 594, 598, *aff'd*, 356 N.C. 428, 571 S.E.2d 584 (2002) (per curiam). Accordingly, "those cases in which the disputed testimony concerns the credibility of a witness's accusation of a defendant must be distinguished from cases in which the expert's testimony relates to a diagnosis based on the expert's examination of the witness." *State v. Bailey*, 89 N.C. App. 212, 219, 365 S.E.2d 651, 655 (1988). With respect to expert testimony in child sexual abuse prosecutions, our Supreme Court has approved the admission of expert testimony if based upon a proper foundation. *See, e.g., State v. Stancil*, 355 N.C. 266, 559 S.E.2d 788 (2002) (finding expert testimony on sexual abuse inadmissible where there was no physical evidence to support opinion but holding erroneous admission harmless). Such a foundation may be based on the testifying physician's medical examination and review of the victim's medical history. *See State v. Brothers*, 151 N.C. App. 71, 78, 564 S.E.2d 603, 608 (2002) (expert opinion on sexual abuse admissible where based on medical examination indicating trauma and victim's medical history); *see also State v. Crumbley*, 135 N.C. App. 59, 66, 519 S.E.2d 94, 99 (1999) (expert opinion on abuse admissible where based on doctor's medical examination of the victim, extensive personal experience examining children who had been sexually abused, knowledge of child sexual abuse studies, and a colleague's notes from an interview with the victim).

In this case, Defendant contends Dr. Coker's opinion of sexual abuse was not based on any physical evidence but turned solely on the minor child's medical history. While Dr. Coker did state that "[i]n this case, medical history is probably the most determinative factor in making a diagnosis [of sexual abuse]," Defendant's interpretation of the evidence completely ignores Dr. Coker's additional testimony that during her physical examination of the minor child she found changes in the tissue near the hymen that were consistent with trauma and

could have been caused by attempted anal penetration. Thus, the foundation for Dr. Coker's opinion was based on both a physical examination and resulting findings and a review of the minor child's medical history. The medical history was part of the medical examination and revealed a pattern of behavioral changes in the minor child indicative of sexual abuse. As such, there was a sufficient foundation for Dr. Coker's expert opinion, and the trial court properly admitted the testimony. *See Brothers,* 151 N.C. App. at 78, 564 S.E.2d at 608.

### III

**[3]** Defendant further asserts the minor child's statements to Dr. Coker as to how Defendant had sexually abused her constituted inadmissible hearsay. " 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." N.C.G.S. § 8C-1, Rule 801(c) (2001). An out-of-court statement offered for a purpose other than to prove the truth of the matter asserted is not considered hearsay. *State v. Golphin,* 352 N.C. 364, 440, 533 S.E.2d 168, 219 (2000). Thus, "testimony as to information relied upon by an expert when offered to show the basis for the expert's opinion is not hearsay, since it is not offered as substantive evidence." *State v. Huffstetler,* 312 N.C. 92, 107, 322 S.E.2d 110, 120 (1984). Such evidence is admissible for the limited purpose for which it is offered and not as an exception to the hearsay rule. *Id.*

In this case, the minor child's medical history formed part of the basis for Dr. Coker's diagnosis of sexual abuse. As the minor child's statements were made during the gathering of information to obtain her medical history, they were not offered for the truth of the matter asserted but to illustrate the type of information Dr. Coker collected in order to diagnose the minor child. Accordingly, the statements were not hearsay, and the trial court properly admitted them into evidence. *See id.*

### IV

**[4]** In his next assignment of error, Defendant argues the trial court committed plain error in allowing Dr. Coker to testify as to his guilt or innocence by stating: (1) she had recommended the minor child receive counseling and to "have no further contact with the alleged perpetrator" and (2) "the legal system would not try someone if the medical opinion were not supportive of that." Defendant relies on the principle that an expert witness should not express an opinion

on the very issue to be decided by the jury and thereby invade the jury's province. *State v. Wilkerson*, 295 N.C. 559, 567, 247 S.E.2d 905, 910 (1978).

We hold that Dr. Coker's testimony did not express an opinion of guilt so as to invade the jury's province. First of all, Dr. Coker's recommendation for the minor child to "have no further contact with the alleged perpetrator" does not amount to an expression of guilt. Instead, it was part of the minor child's treatment plan and probably served as an additional precaution to create distance between the victim and the alleged perpetrator until his guilt or innocence was determined. Dr. Coker's second statement was equally harmless as she simply stated her view of the importance of medical opinion in the legal system. Furthermore, this statement, which was elicited by Defendant on cross-examination, was only offered to explain why Dr. Coker tended to testify more often for the State. Thus, the trial court did not err in admitting Dr. Coker's statements.

V

[5] Finally, Defendant contends the trial court committed plain error by instructing the jury on the offense of first-degree statutory sexual offense and defining a sexual act as either fellatio or anal intercourse. Defendant acknowledges this Court has previously held that a defendant may be convicted of first-degree sexual offense even if the trial court instructs the jury that more than one sexual act may comprise an element of the offense, *see State v. Yearwood*, 147 N.C. App. 662, 669, 556 S.E.2d 672, 677 (2001), but urges this Court to reconsider its holding. We first note that Defendant in his brief to this Court offers no argument for such a deviation from established precedent. *See* N.C.R. App. P. 28(6) ("[a]ssignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned"). Moreover, "[w]here a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court." *In re Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989). Accordingly, this assignment of error is also overruled.

No error.

Judges WYNN and GEER concur.