STATE OF NORTH CAROLINA v. TEDDY LYNN RANDLE

No. COA03-1531

(Filed 21 December 2004)

## 1. Constitutional Law— per se ineffective assistance of counsel—concession of lesser-included offenses

Defendant did not receive per se ineffective assistance of counsel in a first-degree rape and first-degree sexual offense case based on his counsel's closing argument that allegedly conceded defendant's guilt to lesser-included offenses without first obtaining defendant's consent, because: (1) counsel in the instant case never actually admitted the guilt of defendant to any charge, nor did counsel claim that defendant should be found guilty of some offense; (2) defense counsel advocated for defendant's innocence by arguing that there was no penetration of the victim; (3) defense counsel argued that there was reasonable doubt since there are factors that need to be considered in either of the rape charges as to whether penetration actually occurred; (4) defense counsel argued that defendant should not be charged with first-degree rape or first-degree sexual offense since there was no serious injury to the victim; and (5) the trial court asked defendant numerous times whether he consented to defense counsel admitting guilt to any offense, including lesser-included offenses, and defendant stated he did not authorize it but stated he did not desire a mistrial.

## 2. Rape; Sexual Offenses— short—form indictments—first-degree rape—first-degree sex offense

The short-form indictments used to charge defendant with first-degree rape and first-degree sex offense do not violate the United States or North Carolina Constitutions even though the indictments fail to include the element of serious personal injury.

Appeal by defendant from judgments entered 4 April 2003 by Judge Gregory A. Weeks in Cumberland County Superior Court. Heard in the Court of Appeals 14 September 2004.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General William W. Stewart, Jr., for the State.*

*Adrian M. Lapas for defendant-appellant.*

HUNTER, Judge.

Teddy Lynn Randle ("defendant") appeals from judgments entered 4 April 2003 consistent with a jury verdict finding him guilty of attempted first degree burglary, first degree burglary, first degree rape, and first degree sex offense. For the reasons stated herein, we find no error.

The State's evidence presented at trial tended to show that on 17 April 2002, defendant broke into the house of his 81 year-old neighbor, Sue Harris ("Harris"). Defendant raped and sodomized Harris in her bed. After defendant left the house, Harris called 911. Upon arrival, police officers found two damaged doors and a broken window pane in the house. Harris was taken to a hospital where she was examined in the emergency room. Harris had two broken vertebrae in her back, bruising on one eyelid and her left forehead, ruptured blood vessels on the sides of her face and neck, bruised upper and lower extremities, and vaginal and rectal injuries. Upon examination, Harris was admitted to the hospital. Harris begged for pain relief and was given an intravenous narcotic for her back pain. Harris is still in pain most of the time, cannot bend over, has difficulty walking or standing for long periods of time, and has frequent nightmares.

Upon investigation, police found sperm on the crotch of Harris' panties and DNA from the sperm matched defendant's DNA profile. Pubic hairs found on Harris and a head hair found on one of Harris' pillows were microscopically consistent with defendant's hairs.

A week after the attack on Harris, defendant attempted to break into the Rodgers' house, located on the same street as Harris' house. On the night of 24 April 2002, Mrs. Rodgers ("Rodgers") noticed someone standing outside her sliding glass door and called the police. Upon arrival, police officers found that the screen door had been cut open and Rodgers noticed that an outside chair had been moved. The police took finger and palm prints from the chair. The prints matched those of defendant. Later that evening, Rodgers saw someone walk

STATE v. RANDLE

[167 N.C. App. 547 (2004)]

past her bedroom window and, in the morning, someone tried to open her sliding glass door. The finger prints on the glass door matched those of defendant. In January 2003, Rodgers found a pair of underwear in her closet and gave them to the police. Test results revealed defendant's sperm on the underwear.

After being taken into police custody and advised of his Miranda rights, defendant stated that he had "fooled with the lady," referring to his attack on Harris. Defendant said he pulled down his pants and got into bed with Harris. Defendant, however, stated that he did not penetrate Harris but rather ejaculated on himself. Defendant also told police that he sat in the chair outside Rodgers' back door, looked in, and then tried to enter through the back door. Defendant stated that he ejaculated on himself behind the house when he was unable to get into the house. Defendant was charged with attempted first degree burglary, first degree burglary, first degree rape, and first degree sex offense. The case then proceeded to trial. During closing arguments, defense counsel told jury members that they must be entirely convinced of each and every element of the crimes. As serious injury is the essential difference between first and second degree rape, defense counsel then attempted to cast doubt on the seriousness of the mental and physical injuries to Harris by arguing Harris did not suffer serious injury. Counsel then emphasized the lack of penetration of the victim, pointing out that defendant ejaculated on himself. In counsel's final plea to the jury, defense counsel argued, "Teddy Randle is not guilty of first degree rape. Teddy Randle is not guilty of first degree sexual offense."

Upon conclusion of defense counsel's closing argument, the trial court expressed concern that counsel had implicitly conceded defendant's guilt to the lesser-included offenses of second degree rape and second degree sex offense. Defense counsel did not believe he had made any such concessions. The trial judge conducted a hearing outside the presence of the jury, asking defendant whether he had authorized defense counsel to concede guilt to the lesser-included offenses. Defendant stated that he did not authorize such concessions. The trial judge then asked defendant whether he desired a mistrial. After consultation with defense counsel, defendant said he did not desire a mistrial.

Defendant was convicted of all charges. Defendant was sentenced to a term of 288 to 355 months in prison for first degree rape and first degree burglary. Additionally, defendant was sentenced to a term of 230 to 285 months in prison for first degree sex offense and

attempted first degree burglary, to be served at the expiration of the preceding sentence. Defendant appeals.

I.

**[1]** By his first assignment of error, defendant contends that defense counsel's closing arguments at trial implicitly conceded defendant's guilt to lesser-included offenses without first obtaining defendant's consent, thereby constituting ineffective assistance of counsel *per se*. We disagree.

Defendant argues that defense counsel implicitly admitted defendant's guilt to the lesser-included offenses of second degree rape and second degree sex offense, without first obtaining defendant's consent, by (1) arguing that defendant was not guilty of first degree rape and sex offense, (2) focusing prominently on the difference between first degree and second degree rape and sex offense (i.e. the element of serious injury), and (3) by failing to focus on lack of penetration, a necessary element in both first and second degree rape and sex offense. Defendant argues that when defense counsel implicitly concedes guilt to a lesser-included offense, the court should look beyond the words to the practical effect of such an argument and find ineffective assistance of counsel *per se*. Defendant further argues that the failure of defendant to move for a mistrial does not cure *per se* ineffective assistance of counsel.

The Supreme Court of North Carolina has held that *per se* ineffective assistance of counsel "has been established in every criminal case in which the defendant's counsel admits the defendant's guilt to the jury without the defendant's consent."[1] *State v. Harbison*, 315 N.C. 175, 180, 337 S.E.2d 504, 507-08 (1985), *cert. denied*, 476 U.S. 1123, 90 L. Ed. 2d 672 (1986). During closing arguments in *State v. Harbison*, defense counsel stated, without defendant's consent, that " 'I don't feel that William should be found innocent. I think he should do some time to think about what he has done. I think you should find him guilty of manslaughter and not first degree.' " *Id.* at 178, 337 S.E.2d at 506. Consequently, the Court found ineffective assistance of counsel *per se* and remanded the case for a new trial. *Id.* at 180-81, 337 S.E.2d at 507.

---

1. We note that the United States Supreme Court has recently discussed whether a concession of guilt by defense counsel constitutes ineffective assistance of counsel *per se. See Florida v. Nixon*, —— U.S. ——, 160 L. Ed. 2d 565 (No. 03-931 filed 13 December 2004).

The Supreme Court of North Carolina recently applied the *Harbison* rule in *State v. Matthews*, 358 N.C. 102, 591 S.E.2d 535 (2004). In *Matthews*, the Court found *per se* ineffective assistance of counsel where defense counsel conceded defendant's guilt to second degree murder, a lesser-included offense, without defendant's permission. *See id.* at 109, 591 S.E.2d at 540. In closing arguments to the jury, defense counsel in *Matthews* said " 'I'm telling you in this case you ought not to find him not guilty because he is guilty of something.' " " 'When you look at the evidence . . . you're going to find that he's guilty of second-degree murder.' " *Id.* at 106, 591 S.E.2d at 539. The Supreme Court ordered a new trial. *Id.* at 109, 591 S.E.2d at 540-41.

However, our Supreme Court has found no *Harbison* violation where defense counsel did not expressly admit the defendant's guilt. *See, e.g., State v. Gainey*, 355 N.C. 73, 93, 558 S.E.2d 463, 476 (2002) (finding no *Harbison* violation where defense counsel did not admit guilt of murder, but rather stated that " 'if he's guilty of anything, he's guilty of accessory after the fact' "); *State v. Hinson*, 341 N.C. 66, 78, 459 S.E.2d 261, 268 (1995) (finding no *Harbison* violation where defense counsel did not concede that defendant himself committed any crime); *State v. Fisher*, 318 N.C. 512, 532-33, 350 S.E.2d 334, 346 (1986) (finding no *Harbison* violation where defense counsel conceded malice but did not clearly admit guilt, and told the jury it could find defendant not guilty).

In *State v. Greene*, 332 N.C. 565, 422 S.E.2d 730 (1992), the Supreme Court of North Carolina held that an argument by counsel that defendant is innocent of all charges, but if found guilty of any charge it should be of a lesser crime because the evidence comes closer to proving the lesser crime than any of the greater crimes charged, is not an admission of defendant's guilt to the lesser charge and, therefore, the rule of *Harbison* does not apply. *Greene*, 332 N.C. at 572, 422 S.E.2d at 733-34. In *State v. Harvell*, 334 N.C. 356, 432 S.E.2d 125 (1993), the Supreme Court reiterated its holding in *Greene*, finding that defense counsel's statement that if the evidence tended to establish the commission of any crime then it would be a lesser-included offense was not the equivalent of admitting the defendant was guilty of any crime. *Harvell*, 334 N.C. at 361, 432 S.E.2d at 128.

The case at bar is factually distinguishable from *Harbison* and *Matthews* and is analogous to the line of cases finding no *per se* ineffective assistance of counsel. Unlike in *Harbison* and *Matthews*,

STATE v. RANDLE

[167 N.C. App. 547 (2004)]

counsel in the case at bar never actually admitted the guilt of defendant to any charge, nor did counsel claim that defendant should be found guilty of some offense. As a result, no *Harbison* violation occurred. Instead, this case falls within the line of cases where the *Harbison* rule does not apply and no *per se* ineffective assistance of counsel is found. Like in *Greene* and *Harvell*, defense counsel in this case advocated for defendant's innocence by arguing that there was no penetration of the victim. Specifically, counsel told jury members that they must "weigh the evidence and make a decision, but in both of those cases, first degree rape, second degree rape, there's got to be penetration." Counsel attempted to cast doubt on the existence of penetration, arguing that defendant ejaculated on himself. Finally, defense counsel argued "there's reasonable doubt here because there are factors that need to be considered in either of the rape charges as to whether or not penetration actually occurred."

Furthermore, defense counsel argued that defendant should not be charged with first degree rape or first degree sex offense because there was no "serious injury" to the victim. Specifically, defense counsel stated that "the judge is going to instruct you that the difference between first degree rape and second degree rape is the serious injury and if there is reasonable doubt, if you're not fully satisfied and entirely convinced of the serious physical injury, then you're to consider second degree rape." Defense counsel then attempted to cast doubt on the seriousness of Harris' injuries and told the jury that, after considering the doubt as to penetration, "then when you're considering the others, the difference between first degree rape and second degree rape is whether or not there was serious physical injury. Ladies and gentlemen, there's contradicting evidence to that."

Finally, we note that in the case at bar, the trial court asked defendant numerous times whether he consented to defense counsel admitting guilt to any offense, including lesser offenses. In response, defendant stated that he did not authorize counsel to admit guilt to any offense. The trial court then asked defendant whether he desired to move for a mistrial. After consulting with defense counsel, defendant stated that he did not desire a mistrial. Since we have concluded no *Harbison* violation occurred in this case, we do not reach the issue of whether defendant waived any *Harbison* violation by declining to accept the trial court's offer of a mistrial.

For the foregoing reasons, we find no ineffective assistance of counsel *per se*. Accordingly, this assignment of error is without merit.

STATE v. RANDLE

[167 N.C. App. 547 (2004)]

II.

**[2]** In his next assignment of error, defendant argues that the North Carolina short-form indictments for first degree rape and first degree sex offense violate both the United States and North Carolina Constitutions. We disagree.

Defendant contends that the North Carolina short-form indictments for first degree rape and first degree sex offense violate the Fifth, Sixth and Fourteenth Amendments of the United States Constitution and Article I, §§ 19, 22 and 23 of the North Carolina Constitution because such indictments fail to include the first degree rape and sex offense element of "serious personal injury." Defendant urges this Court to reexamine prior holdings and declare these short-form indictments unconstitutional in light of the United States Supreme Court decisions of *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435 (2000) and *Jones v. United States*, 526 U.S. 227, 143 L. Ed. 2d 311 (1999).

Defendant was indicted for first degree rape and first degree sex offense under short-form indictments provided by N.C. Gen. Stat. §§ 15-144.1 and 15-144.2 (2001). North Carolina courts have consistently held, post-*Jones*, that short-form indictments for first degree rape and first degree sex offense comport with the requirements of both the United States and North Carolina Constitutions. *See State v. Shepherd*, 156 N.C. App. 69, 72, 575 S.E.2d 776, 778 (2003); *State v. Harris*, 140 N.C. App. 208, 215-16, 535 S.E.2d 614, 619 (2000). Similarly, the Supreme Court of North Carolina has also reaffirmed the constitutionality of short-form indictments charging sex offenses post-*Apprendi. See State v. Quinn*, 166 N.C. App. 733, 603 S.E.2d 886 (2004) (discussing *State v. Hunt*, 357 N.C. 257, 270, 582 S.E.2d 593, 602, *cert. denied*, 539 U.S. 985, 156 L. Ed. 2d 702 (2003)).

In light of North Carolina case law consistently upholding the constitutionality of the short-form indictments for first degree rape and first degree sex offense post-*Jones* and post-*Apprendi*, we conclude that the North Carolina short-form indictments for first degree rape and sex offense are constitutional. Accordingly, defendant's assignment of error is overruled.

No error.

Judges TIMMONS-GOODSON and McCULLOUGH concur.