MASSA, Justice,
concurring in result.
Although I agree with the majority’s analysis of S.D.’s statements to Moss under our Rules of Evidence, I write separately because I believe the admissibility of such evidence can and should be evaluated pursuant to the Protected Person Statute, Indiana Code § 35-37-4-6 (2008 & Supp.2012), not Rule 803(4). Child victim hearsay presents a unique evidentiary problem in prosecutions for abuse and molestation. In cases where the child is unavailable to testify, these statements are frequently the strongest evidence of a defendant’s guilt. Deborah Paruch, Silencing the Victims in Child Sexual Abuse Prosecutions: The Confrontation Clause and Children’s Hearsay Statements Before and After Michigan v. Bryant, 28 Touro L.Rev. 85, 114-15 (2012). Even when the child does testify, the hearsay statements — made soon after the offense was committed, while it was still a fresh memory — are often more detailed and thus more convincing than live testimony. Id.
Under traditional hearsay rules, these statements are often inadmissible. However, in light of challenges unique to the prosecution of adults who prey on the most vulnerable, courts and legislatures have generally agreed that certain out-of-court statements should be admitted if they are sufficiently reliable. See Michael H. Graham, The Confrontation Clause, the Hearsay Rule, and Child Sexual Abuse Prosecutions: The State of the Relationship, 72 Minn. L.Rev. 523, 529 (1988). To that end, thirty-two states, including Indiana, have child hearsay statutes that apply only in prosecutions for certain serious offenses and only to statements describing the charged offense that are not otherwise admissible.[1] These statutes vary somewhat *269 in their operation; some apply only to out-of-court statements made by the child victim of the charged offense,[2] but others apply to child witnesses as well as victims.[3] They frequently require the court to evaluate the reliability of the hearsay in a hearing on the record before ruling on its admissibility.[4] Some'require the declarant to testify,[5] but others permit the hearsay to be admitted even if the declarant is found unavailable, so long as there is evidence to corroborate the hearsay,[6] and a few apply only when the declarant does not testify.[7] Only a few have been found constitutionally infirm,[8] and several have *270 been challenged and upheld.[9]
Some states admit these statements under Rule 803(4)[10] or pursuant to a residual exception like that contained in Federal Rule of Evidence 807.[11] In Indiana, we have no residual exception, so the latter option is not available to us, and because we have the Protected Person Statute, we need not avail ourselves of the former.[12]
The Protected Person Statute applies to certain types of criminal offenses, including the sex crimes VanPatten was charged with here. Ind.Code § 35-37-4-6(a)(l). S.D. is a “protected person” as defined by the statute, because she “is less than fourteen (14) years of. age.” Ind.Code § 35-37-4-6(c)(l). Her statement to Moss concerned “an act that is a material element of [the] offense ... allegedly committed *271 against [her].” Ind.Code § 35-37-4-6(d)(2). Thus, under the terms of the Protected Person Statute, that statement would be admissible at trial if the requirements of subsection (e) are met:
(1) The court finds, in a hearing:
(A) conducted outside the presence of the jury; and
(B) attended by the protected person in person or by using closed circuit television testimony as described in section 8(f) and 8(g) of this chapter;
that the time, content, and circumstances of the statement or videotape provide sufficient indications of reliability.
(2) The protected person:
(A) testifies at the trial; or
(B) is found by the court to be unavailable as a witness for one (1) of the following reasons:
(i) From the testimony of a psychiatrist, physician, or psychologist, and other evidence, if any, the court finds that the protected person’s testifying in the physical presence of the defendant will cause the protected person to suffer serious emotional distress such that the protected person cannot reasonably communicate.
(ii) The protected person cannot participate in the trial for medical reasons.
(iii) The court has determined that the protected person is incapable of understanding the nature and obligation of an oath.
Ind.Code § 35-37-4-6(e). Upon remand, if the prosecutor seeks to admit Moss’s statements pursuant to the Protected Person Statute rather than Rule 803(4), the court will have to conduct a hearing to determine whether those statements have “sufficient indications of reliability.” S.D. will also have to testify at trial, or be found to be unavailable. If she is found unavailable, her statements may only be admitted if she was available for cross-examination at the reliability hearing. Ind.Code § 35-37-4-6(f)(l).
Of course, the declarant’s subjective belief may still be a factor in the court’s determination of reliability. But where we have a statute that permits the trial court to consider the totality of the circumstances, it need not be the only factor. Therefore, I concur in result.
RUSH, J., concurs.

. Ala.Code §§ 15-25-31 & -32 (2011 & Supp. 2012); Alaska Stat. § 12.40.110 (2012); Ariz. Rev.Stat. Ann. § 13-1416 (2010); Ark. R. Evid. 803(25); Cal. Evid.Code § 1360 (Supp.2013); Colo.Rev.Stat. § 13-25-129 (2012); Del.Code Ann. tit. 11, § 3513 (2007); Fla. Stat. § 90.803(23) (2011); Ga.Code Ann. § 24-8-820 (2013); Haw. R. Evid. 804(b)(6); 725 Ill. Comp. Stat. § 5/115-10 (2008 & Supp.2012); Ind.Code § 35-37-4-6; Kan. Stat. Ann. § 60-460(dd) (2005 & Supp. 2012); Md.Code Ann., Crim. Proc. § 11-304 (2008 & Supp.2012); Mass. Gen. Laws ch. 233, § 81 (2000); Mass. R. Evid. § 804(b)(8); Mich. R. Evid. 803A; Minn.Stat. § 595.02(3) (2010); Miss.Code Ann. § 13-1-403 (2012); Mo.Rev. Stat. § 491.075 (2011 & Supp.2013); Mont. Code Ann. § 46-16-220(2011); Nev.Rev.Stat. § 51.385 (2004); N.J. R. Evid. 803(27); N.D. R. Evid. 803(24); Ohio R. Evid. 807; Okla. Stat. tit. 12, § 2803.1 (2009); Or.Rev.Stat. § 40.460(18a) (2013); 42 Pa. Cons.Stat. § 5985.1 (2000 & Supp.2012); S.D. Codified *269 Laws § 19-16-38 (2013); Tex.Crim. Proc. Code Ann. art. 38.072 (2005 & Supp.2012); Tex. Gov't Code Ann. § 2001.122 (2008); Utah R.Crim. P. 15.5; Vt. R. Evid. 804A; Wash. Rev.Code § 9A.44.120 (2009).

. See, e.g., Cal. Evid.Code § 1360; Fla. Stat. § 90.803(23); 725 Ill. Comp. Stat. § 5/115-10; Ind.Code § 35-37-4-6; Kan. Stat. Ann. § 60-460(dd); Md.Code Ann., Crim. Proc. § 11-304; Mass. Gen. Laws ch. 233, § 81; Mass. R. Evid. § 804(b)(8); Mich. R. Evid. 803A; Minn.Stat. § 595.02(3); Nev.Rev.Stat. § 51.385; N.J. R. Evid. 803(c)(27); Ohio R. Evid. 807; Okla. Stat. tit. 12, § 2803.1; Or. Rev.Stat. § 40.460(18a); Tex.Crim. Proc.Code Ann. art. 38.072; Tex. Gov’t Code Ann. § 2001.122; Vt. R. Evid. 804A; Wash. Rev. Code § 9A.44.120.
Some scholars argue these statutes are overly restrictive, preventing the use of child witness hearsay that would be both reliable and helpful to the trier of fact. See, e.g., Jean Montoya, Child Hearsay Statutes: At Once Over-Inclusive and Under-Inclusive, 5 Psychol. Pub. Pol'y & L. 304, 316 (1999).

. See, e.g., Ala.Code §§ 15-25-31, -32; Ariz. Rev.Stat. Ann. § 13-1416; Colo.Rev.Stat. § 13-25-129; Del.Code Ann. tit. 11, § 3513; Miss.Code Ann. § 13-1-403; Mo.Rev.Stat. § 491.075; Mont.Code Ann. § 46-16-220; N.D. R. Evid. 803(24); 42 Pa. Cons.Stat. § 5985.1; S.D. Codified Laws § 19-16-38; Utah R.Crim. P. 15.5.

. But see Ala.Code §§ 15-25-31,-32; Alaska Stat. § 12.40.110; Del.Code Ann. tit. 11, § 3513; Ga.Code Ann. § 24-8-820; Haw. R. Evid. 804(b)(6); Mich. R. Evid. 803A; Mont. Code Ann. § 46-16-220 (all omitting hearing requirement).

. Alaska Stat. § 12.40.110 (requiring declarant testify either at trial or in a grand jury proceeding); Ga.Code Ann. § 24-8-820 (requiring declarant testify and hearsay statement have “sufficient indicia of reliability”); Ind.Code § 35-37-4-6 (requiring declarant be available for cross-examination either when statement was made or at credibility hearing); Mich. R. Evid. 803A (admitting only statements that corroborate '“testimony given by the declarant during the same proceeding”); Tex. Gov’t Code Ann. § 2001.122 (requiring declarant testify); Vt. R. Evid. 804A'(requir-ing declarant testify and statement have "substantial indicia of trustworthiness”).

. See, e.g., Ariz.Rev.Stat. Ann. § 13-1416; Cal. Evid.Code § 1360; Colo.Rev.Stat. § 13-25-129; Fla. Stat. § 90.803(23); 725 Ill. Comp. Stat. § 5/115-10; Md.Code Ann., Crim. Proc. § 11-304; Mass. Gen. Laws ch. 233, § 81; Mass. R. Evid. § 804(b)(8); Minn. Stat. § 595.02(3); Miss.Code Ann. § 13-1-403; Mo.Rev.Stat. § 491.075; N.J. R. Evid. 803(27); N.D. R. Evid. 803(24); Okla. Stat. tit. 12, § 2803.1; S.D. Codified Laws § 19-16-38; hut see Ala.Code §§ 15-25-31, -32 (omitting corroboration requirement); Del. Code Ann. tit. 11, § 3513 (requiring “particularized guarantees of trustworthiness” but not corroboration); Mont.Code Ann. § 46-16-220 (stating only that court must consider existence of corroboration as a factor in determining admissibility); Nev.Rev.Stat. § 51.385 (omitting corroboration requirement); Ohio Evid. R. 807 (requiring both unavailability and corroboration); Or.Rev.Stat. § 40.460(18a); 42 Pa. Cons.Stat. § 5985.1; Utah R.Crim. P. 15.5 (all omitting corroboration requirement).

. Haw. R. Evid. 804(b)(6) (requiring declar-ant be unavailable to testify); Kan. Stat. Ann. § 60-460(dd) (requiring declarant be disqualified or unavailable to testify).

. See, e.g., Styron v. State, 34 So.3d 724, 731 (Ala.Crim.App.2009) (recognizing Crawford partially abrogated Ala.Code § 15-25-32); People v. Moreno, 160 P.3d 242, 246 (Colo.2007) ("To the extent that the statute allows for the admission of out-of-court testimonial *270 statements without the defendant being afforded an opportunity to cross-examine the declarant, it is now clear that [Colo.Rev.Stat. § 13-25-129] violates the confrontation guaranty of the Sixth Amendment.”); Hall v. State, 539 So.2d 1338, 1346 (Miss.1989) (invalidating Miss.Code Ann. § 13-1-403 as an impermissible legislative intrusion on the judicial power to make rules governing hearsay).
In this case, of course, there is no Confrontation Clause issue, as S.D. took the stand and testified. (Tr. at 220-253.) And although the issue is not before us today, I note that even if this Court found a conflict between the Protected Person Statute and our Rules of Evidence, we could — as we have done before— assent to the statute. See Harrison v. State, 644 N.E.2d 1243, 1251 n. 14 (Ind.1995) (noting that a statute in conflict with the Rules of Evidence is invalid); Humbert v. Smith, 664 N.E.2d 356, 356 (Ind. 1996) (citing Harrison but nevertheless assenting to a statute relating to the admission of blood tests in paternity cases that conflicted with the Rules of Evidence). In my view, however, there is no such conflict. See Ind. Evidence Rule 802 ("Hearsay is not admissible except as provided by law or by these rules.” (emphasis added)).

. See, e.g., Myatt v. Hannigan, 910 F.2d 680, 685 (10th Cir.1990) (upholding Kan. Stat. Ann. § 60-460(dd)); Thomas v. State, 725 A.2d 424, 429 (Del.1999) (upholding Del.Code Ann. tit. 11, § 3513); Glendening v. State, 536 So.2d 212, 221 (Fla.1988) (upholding Fla. Stat. § 90.803(23)); Bunn v. State, 291 Ga. 183, 728 S.E.2d 569, 575.(2012) (upholding Ga.Code Ann. § 24-8-820); People v. Priola, 203 Ill.App.3d 401, 148 Ill.Dec. 776, 561 N.E.2d 82, 95 (1990) (upholding 725 Ill. Comp. Stat. § 5/115-10); Holland v. State, 802 S.W.2d 696, 701 (Tex.Crim.App.1991) (upholding Tex.Crim. Proc.Code Ann. art. 38.072).

. See, e.g., State v. Nelson, 131 Idaho 210, 953 P.2d 650, 656 (Idaho Ct.App.1998) (upholding admission of ten-year-old victim’s statements to an emergency room doctor); State v. James, 849 So.2d 574, 585 (La.Ct.App.2003) (upholding admission of five-year-old victim’s statements to doctor as part of routine interview); State v. Vaught, 268 Neb. 316, 682 N.W.2d 284, 290 (2004) (upholding admission of four-year-old victim’s statements to doctor identifying perpetrator); State v. Munroe, 161 N.H. 618, 20 A.3d 871, 880 (2011) (upholding admission of seven-year-old victim’s statements to doctor); State v. Massengill, 133 N.M. 263, 62 P.3d 354, 362 (N.M.Ct.App.2002) (upholding admission of two-year-old victim’s statements to nurse and doctor); People v. Cole, 24 A.D.3d 1021, 807 N.Y.S.2d 166, 172 (2005) (upholding admission of six-year-old victim’s statements to emergency room doctor because they did not identify the perpetrator); State v. Shepherd, 156 N.C.App. 69, 575 S.E.2d 776, 779 (2003) (upholding admission of seven-year-old victim’s statements to doctor).

. See, e.g., State v. Sorenson, 143 Wis.2d 226, 421 N.W.2d 77, 86 (1988) (upholding admission of seven-year-old victim's statements to social worker); see also Graham, supra, at 530-31.

. Admittedly, we have done so in the past. See, e.g., McClain v. State, 675 N.E.2d 329, 331 (Ind.1996) (establishing two-prong test for admissibility of child victim hearsay under Rule 803(4) but finding the requisite indicia of reliability missing from the record); Cooper v. State, 714 N.E.2d 689, 692-93 (Ind.Ct.App.1999), trans. denied (applying McClain test to admit a child victim’s statements to a nurse during a physical examination).