NO. COA13-1395

NORTH CAROLINA COURT OF APPEALS

Filed: 16 September 2014

STATE OF NORTH CAROLINA

    v.

JAMES LEWIS WILSON, JR.

Guilford County
No. 11 CRS 082533

Appeal by Defendant from judgment entered 22 March 2013 by Judge David L. Hall in Superior Court, Guilford County. Heard in the Court of Appeals 12 August 2014.

> *Attorney General Roy Cooper, by Special Deputy Attorney General David P. Brenskelle, for the State.*
>
> *Kimberly P. Hoppin for Defendant.*

McGEE, Chief Judge.

James Lewis Wilson ("Defendant") appeals his conviction of attempted first-degree murder. Defendant contends that (1) the corresponding short form indictment against him for attempted first-degree murder was defective and (2) he received ineffective assistance of counsel at trial. We agree that the

indictment against Defendant was defective, but we do not agree that Defendant received ineffective assistance of counsel.

## I.    Background

Around five or six in the evening of 19 July 2011, Timothy Lynch ("Mr. Lynch") was walking on a street in the Five Points area in High Point.  Mr. Lynch was accompanied by a small group of people.

A blue Cavalier ("the Cavalier") approached and stopped near where Mr. Lynch and his companions were standing.  Four men inside the Cavalier, including Defendant, exited the vehicle. Defendant had been riding in the front passenger seat of the Cavalier and was carrying a gun.  Defendant testified at trial that the four men were there to confront Mr. Lynch, whom they believed had recently beaten up Defendant's cousin.  Defendant further testified that, upon exiting the Cavalier, he pointed his gun at the group with Mr. Lynch in order to get them to disperse.  Mr. Lynch's companions fled the scene immediately, but Mr. Lynch remained.

There was conflicting testimony as to what happened next. Multiple witnesses testified that Defendant pulled on the slide of his gun to cock it and then pointed the gun at Mr. Lynch. One witness testified that Defendant next tried to pull the

trigger three or four times, but the gun jammed and did not fire. Defendant testified that he tried to cock the gun after Mr. Lynch's companions began running, but the slide itself was jammed and did not move in spite of his multiple efforts. Defendant also testified that he never pointed the gun at Mr. Lynch or tried to pull the trigger after the crowd dispersed.

Defendant then left in the Cavalier, along with the three men who were accompanying him. However, the police soon pulled over the vehicle and took Defendant into custody. Upon performing a protective sweep of the Cavalier, one officer found Defendant's gun with its safety still on.

Defendant was indicted on 7 November 2011 for attempted first-degree murder. A jury found Defendant guilty of that charge on 20 March 2013. The following day, Defendant gave oral notice of appeal in open court.

## II. Defective Indictment

### A. Standard of Review

On appeal, this Court reviews the sufficiency of an indictment *de novo*. *State v. McKoy*, 196 N.C. App. 650, 652, 675 S.E.2d 406, 409 (2009) (citation omitted).

### B. Analysis

Defendant contends that the indictment against him for attempted first-degree murder was defective because it omitted an essential element of the offense: malice aforethought. The short form indictment against Defendant, in relevant part, states as follows: "The jurors for the State upon their oath present that on or about the date of offense shown and in the county named above the defendant named above unlawfully, willfully and feloniously did attempt to murder Timothy Lynch." By contrast, N.C. Gen. Stat. § 15-144 (2013), entitled "Essentials of bill for homicide," states that in the body of the indictment, "it is sufficient in describing murder to allege that the accused person feloniously, willfully, and of his malice aforethought, did kill and murder (naming the person killed), and concluding as is now required by law."

> The purpose of an indictment is to inform the defendant of the charge against him with sufficient certainty to enable him to prepare a defense. An indictment is insufficient if it fails to allege the essential elements of the crime charged as required by Article I, Section 22 of the North Carolina Constitution and our legislature in N.C.G.S. § 15-144. When an indictment has failed to allege the essential elements of the crime charged, it has failed to give the trial court subject matter jurisdiction over the matter, and the reviewing court must arrest judgment.

*State v. Bullock*, 154 N.C. App. 234, 244–45, 574 S.E.2d 17, 23–24 (2002) (citations omitted).

In this case, the indictment on its face failed to include the essential element of "malice aforethought" as required by Article I, Section 22 of the North Carolina Constitution, N.C.G.S. § 15-144, and *Bullock*. As a result, just as in *Bullock*, we arrest the judgment in Defendant's attempted first-degree murder conviction. *See id.* at 245, 574 S.E.2d at 24 (arresting the judgment in an attempted first-degree murder conviction where the short form indictment failed to allege that the defendant acted with malice aforethought).

However, again, as in *Bullock*, "where the indictment does sufficiently allege a lesser-included offense, we may remand for sentencing and entry of judgment thereupon." *Id.* Voluntary manslaughter consists of an unlawful killing without malice, premeditation, or deliberation. *See id.* (citing *State v. Robbins*, 309 N.C. 771, 777, 309 S.E.2d 188, 191 (1983)). Because the jury's guilty verdict of attempted first-degree murder necessarily means that they found all of the elements of the lesser-included offense of attempted voluntary manslaughter, we remand this matter to the trial court for sentencing and entry of judgment for attempted voluntary manslaughter. *See id.*

(citing *State v. Wilson*, 128 N.C. App. 688, 696, 497 S.E.2d 416, 422 (1998)).

### III. Ineffective Assistance of Counsel

#### *A. Standard of Review*

On appeal, this Court reviews whether a defendant was denied effective assistance of counsel de novo. *See State v. Martin*, 64 N.C. App. 180, 181, 306 S.E.2d 851, 852 (1983).

#### *B. Analysis*

In his next assignment of error, Defendant contends that he received ineffective assistance of counsel at trial, purportedly because his counsel made concessions of Defendant's guilt during closing arguments without Defendant's express consent. Specifically, during closing arguments, Defendant's counsel told the jury:

> You have heard my client basically admit that while pointing the gun at someone, he basically committed a crime: Assault by pointing a gun. Pointing the gun with what was some sort of guilt in mind, some intent to use the gun, that can be a crime: Assault with a deadly weapon, intent to kill.
>
> So if this guilty mind points a weapon at someone, assault with a deadly weapon, intent to kill. But, again, what are we here for? Attempted first-degree murder of Timothy Lynch. And you're thinking to yourself, those of you who have worked with attorneys, those lawyers need to split

> hairs. Mr. Green was talking about my client splitting hairs; maybe I am.
>
> But, ladies and gentlemen, this is a case about details. Hopefully, you saw that with the questions that I was asking witnesses. Attempted first-degree murder, intent to kill, pointing the weapon at Timothy Lynch. This is mere preparation; moving the slide. Moving the slide is mere preparation.
>
> The Judge will instruct you on that; mere preparation is not enough. Intent to kill. [T]here has to -- what is that? Mr. Green argued to you in his opening statement and so did I is the pulling of the trigger. That is what this case is about.
>
> Guilty mind, intent to kill Timothy Lynch by my client pointing the weapon at Timothy Lynch. Not moving the slide; pointing, clicking the trigger. That is what this case is about, amd [sic] that is also what you'll need to decide if that has been proven beyond a reasonable doubt.

"In *State v. Harbison*, 315 N.C. 175, 180, 337 S.E.2d 504, 507-08 (1985), *cert. denied*, 476 U.S. 1123, 90 L.Ed.2d 672 (1986), [the North Carolina Supreme Court] held that a defendant receives ineffective assistance of counsel *per se* when counsel concedes the defendant's guilt to the offense or a lesser-included offense without the defendant's consent." *State v. Berry*, 356 N.C. 490, 512, 573 S.E.2d 132, 147 (2002). Admission by defense counsel of an element of a crime charged, while still maintaining the defendant's innocence, does not necessarily

amount to a *Harbison* error. *See State v. Fisher*, 318 N.C. 512, 533, 350 S.E.2d 334, 346 (1986) ("Although counsel stated [at closing that] there was malice, he did not admit guilt . . . . [Therefore,] this case does not fall with the *Harbison* line of cases[.]").

In the case before us, Defendant's trial counsel did state that "my client basically admit[ed] that while pointing the gun at someone, he basically committed a crime: Assault by pointing a gun." Notably, at trial, Defendant testified and openly admitted to pointing a gun at the crowd with Mr. Lynch in order to get them to disperse. Although Defendant's counsel used the singular "someone" to describe those at whom Defendant pointed a gun, dispersing the crowd was the only time Defendant admitted to pointing the gun at anyone. Indeed, throughout direct and cross-examination, Defendant consistently denied that he pointed the gun at Mr. Lynch after the crowd dispersed, despite the State's repeated attempts to elicit such an admission.

Defendant was not charged with the offense of assault by pointing a gun at the crowd; he was charged with attempted first-degree murder of Mr. Lynch after the crowd dispersed. Even if we were to assume *arguendo* that Mr. Lynch was in fact the "someone" referred to by Defendant's trial counsel, assault

by pointing a gun is not a lesser-included offense of attempted first-degree murder. *Cf. State v. Dickens*, 162 N.C. App. 632, 638, 592 S.E.2d 567, 572 (2004) (holding that "[a]ssault by pointing a gun is not a lesser-included offense of assault with a firearm on a law enforcement officer because the latter offense *does not include the element of pointing a gun at a person*." (emphasis added)). Because this purported admission by Defendant's counsel did not refer to either the crime charged or to a lesser-included offense, counsel's statements in this case fall outside of *Harbison*. At best, an admission by Defendant's trial counsel that Defendant pointed a gun at Mr. Lynch, while still maintaining Defendant's innocence of attempted first-degree murder, would appear to place counsel's statements within the rule in *Fisher*, and thus still outside of *Harbison*. *See Fisher* at 533, 350 S.E.2d at 346 (finding no *Harbison* error where the defendant's counsel admitted an element of first-degree murder at trial but still maintained the defendant's innocence).

Also, the declaration by Defendant's trial counsel that "[p]ointing the gun with what was some sort of guilt in mind, some intent to use the gun, that *can* be a crime: Assault with a deadly weapon, intent to kill" was merely a hypothetical

statement, not an admission. (emphasis added). Next, counsel described the crime with which Defendant had been charged: "Attempted first-degree murder, intent to kill, pointing the weapon at Timothy Lynch" and then contrasted this to Defendant's theory of the case that Defendant's acts during the incident with Mr. Lynch amounted to "mere preparation; moving the slide. Moving the slide is mere preparation." Here, too, Defendant himself testified that he tried to move the slide on the gun after pointing it at the crowd.

Defendant's counsel concluded by highlighting the key point: "Guilty mind, intent to kill Timothy Lynch by my client pointing the weapon at Timothy Lynch. Not moving the slide; [but] pointing, clicking the trigger. . . . [Y]ou'll need to decide if that has been proven beyond a reasonable doubt."

In total, and despite Defendant's contention that his trial counsel admitted Defendant "pointed a gun at Timothy Lynch with the intent to kill him," we find no such admission in the record before us. Although Defendant's counsel's statements were less than clear at closing, none of his statements amount to *Harbison* error.

We find no other basis for supporting Defendant's claim of ineffective assistance of counsel.

Judgment arrested on attempted first-degree murder; remanded for sentencing and entry of judgment on attempted voluntary manslaughter.

Judges BRYANT and STROUD concur.