DILLON, Judge.
Travis Christopher Martin ("Defendant") appeals from (1) a judgment convicting him of first degree rape and first degree sexual offense; and (2) a civil order subjecting him to satellite-based monitoring ("SBM") for life. After careful review, we affirm the civil SBM order and dismiss Defendant's appeal of the judgment without prejudice to any right he may have to assert his claims in a motion for appropriate relief.
I. Background
The State's evidence at trial tended to show that in May 2014, Defendant verbally, physically, and sexually assaulted his then-wife. Defendant was arrested, indicted, and later tried for first degree rape and first degree sexual offense.
The jury found Defendant guilty of first degree rape and first degree sexual offense. Having sentenced Defendant to a qualifying sexual offense, the trial court issued a civil order subjecting Defendant to SBM for life.
II. Appellate Jurisdiction
We do not have jurisdiction to review Defendant's appeal as Defendant failed to (1) file and serve his written notice of appeal from the judgment within fourteen days of entry; and (2) file and serve his written notice of appeal from the civil SBM order within thirty days of entry. See N.C. R. App. P. 3(a), (c) ; N.C. R. App. P. 4(a)(2). However, we exercise our discretion and grant Defendant's petition for writ of certiorari to review both the judgment and the civil SBM order. See N.C. R. App. P. 21(a).
III. Standard of Review
"On appeal, this Court reviews whether a defendant was denied effective assistance of counsel de novo. " State v. Wilson , 236 N.C.App. 472, 475, 762 S.E.2d 894, 896 (2014) (emphasis added).
IV. Analysis
Defendant contends that he was denied effective assistance of counsel when his trial lawyer failed to: (1) request a reasonableness hearing concerning the civil SBM order, as required by Grady v. North Carolina , 575 U.S. ----, 135 S.Ct. 1368, 191 L.Ed.2d 459 (2015)[1] ; (2) object to evidence that Defendant exercised his Miranda rights when questioned by law enforcement; and (3) object to the introduction of his son's recorded, pre-trial interview, which was conducted by a forensic examiner. We address Defendant's ineffective assistance of counsel claims ("IAC claim(s)") in turn below.
A. IAC Claims Cannot Be Used to Challenge Civil Orders
Defendant contends that his trial lawyer's failure to request a Grady hearing constituted IAC. However, we have repeatedly barred defendants from challenging SBM orders on this basis as the Sixth Amendment guarantee of effective representation does not apply to civil matters. State v. Springle , --- N.C. App. ----, ----, 781 S.E.2d 518, 523 (2016). See State v. Wagoner , 199 N.C.App. 321, 332, 683 S.E.2d 391, 400 (2009) ("[A] claim for ineffective assistance of counsel is available only in criminal matters, and we have already concluded that SBM is not a criminal punishment." (internal citations omitted)). See also State v. Clark , 211 N.C.App. 60, 77, 714 S.E.2d 754, 765 (2011) ("[S]ince a[ ] SBM proceeding is not criminal in nature, defendants required to enroll in SBM are not entitled to challenge the effectiveness of the representation that they received from their trial counsel based on the right to counsel provisions of the federal and state constitutions."). Accordingly, we reject this argument and affirm the civil SBM order.
B. Insufficient Evidence in Record to Adjudicate Remaining IAC Claims
While the Sixth Amendment guarantee of effective representation applies to the criminal proceedings at issue here, typically, an IAC claim may be disposed of on appeal only "when the cold record reveals that no further investigation is required, i.e., claims that may be developed and argued without such ancillary procedures as the appointment of investigators or an evidentiary hearing." State v. Fair , 354 N.C. 131, 166, 557 S.E.2d 500, 524 (2001).
Such is not the case here. The record includes a recording of the contested interview with Defendant's son. However, we conclude that a hearing is required on the matter. The State contends that the recording is admissible under the medical diagnosis exception to the hearsay rule found in N.C. Gen. Stat. § 8C-1, Rule 803(4). See State v. Hinnant , 351 N.C. 277, 523 S.E.2d 663 (2000). For this exception to apply, it must be established that the declarant understood that his statements would lead to a medical diagnosis or treatment. Id. at 287, 523 S.E.2d at 669. However, in the present case, it is unclear from this recording exactly what the child was told regarding the purpose of the interview. The child stated that he had talked with his mother about the purpose of the interview, but the recording does not affirmatively reflect what the child understood that purpose to be.
Moreover, there is no transcript of the prosecution's closing argument. Review of the closing argument is relevant to determining whether defense counsel's failure to object to evidence regarding Defendant's exercise of his Miranda rights constituted IAC. Cf. State v. Richardson , 226 N.C.App. 292, 301-02, 741 S.E.2d 434, 441-42 (2013) (citing State v. Moore , 366 N.C. 100, 106-09, 726 S.E.2d 168, 173-75 (2012) ) (concluding that an appellate court must consider whether the prosecution attacked "the defendant's credibility in closing argument based on his decision to refrain from making a statement to investigating officers" when determining the prejudicial effect of introducing such evidence in the case in chief).
Accordingly, we dismiss Defendant's IAC claims in connection with the judgment without prejudice to his right, if any, to assert them in a motion for appropriate relief. Assuming Defendant has the right to file such motion, that motion must be accompanied by affidavits and any other materials or evidence necessary to support Defendant's contentions, see N.C. Gen. Stat. § 15A-1420(b)(1) (2013), whereupon the trial court will rule on the motion after making appropriate findings of fact.
V. Conclusion
We affirm the civil SBM order as the Sixth Amendment guarantee of effective representation does not apply to civil matters. We dismiss Defendant's IAC claims challenging the judgment without prejudice to any right he may have to file a motion for appropriate relief.
AFFIRMED IN PART, DISMISSED IN PART.
Report per Rule 30(e).
Judges ELMORE and ZACHARY concur.

Grady requires that a North Carolina trial court "examine whether the State's monitoring program is reasonable-when properly viewed as a search." Id. at ----, 135 S.Ct. at 1371, 191 L.Ed.2d at ----. We have interpreted Grady to require a reasonableness hearing in which "the State ... bear[s] the burden of proving that the SBM program is reasonable." State v. Blue, --- N.C. App. ----, ----, 783 S.E.2d 524, 527 (2016).