IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA19-738

 Filed: 7 April 2020

Pitt County, Nos. 18 CRS 50972-73, 18 CRS 653

STATE OF NORTH CAROLINA

 v.

RAFIEL FOREMAN, Defendant.

 Appeal by defendant from judgments entered 28 August 2018 by Judge Jeffery

B. Foster in Pitt County Superior Court. Heard in the Court of Appeals 4 March

2020.

 Attorney General Joshua H. Stein, by Assistant Attorney General Forrest P.
 Fallanca, for the State.

 Michael E. Casterline, P.A., by Michael E. Casterline, for defendant-appellant.

 BERGER, Judge.

 On August 28, 2018, Rafiel Foreman (“Defendant”) was convicted by a Pitt

County jury of attempted first-degree murder, assault with a deadly weapon with

intent to kill inflicting serious injury (“AWDWIKISI”), and felonious breaking and

entering. On appeal, Defendant contends he received ineffective assistance of counsel

when his trial counsel conceded Defendant’s guilt to assault with a deadly weapon

inflicting serious injury (“AWDWISI”) without his knowing and voluntary consent.

Defendant also argues the trial court erred when it failed to inquire into whether

Defendant’s Harbison acknowledgment was knowing and voluntary. Defendant also
 STATE V. FOREMAN

 Opinion of the Court

filed a motion for appropriate relief with this Court pursuant to N.C. Gen. Stat.

§ 15A-1418. We find no error, and deny Defendant’s motion for appropriate relief.

 Factual and Procedural Background

 Defendant and Dawn Rook (“Dawn”) dated for approximately ten years, from

2007 until December 2017. Throughout the course of their relationship, Defendant

never met Dawn’s father, Bennet Rook (“Mr. Rook”). Mr. Rook was unaware that his

daughter had been dating anyone. In December 2017, Dawn ended the relationship

because Defendant was becoming “verbally mean.”

 On February 13, 2018, Dawn woke to several messages and missed calls from

Defendant. Since Dawn had blocked Defendant’s phone number, he messaged her

over Facebook Messenger. The messages from Defendant included the following

statements: “You better get a restraining order because this just got worse. I hope

you know you pushed me to do this;” “I hope you know I’m going to physically hurt

her, then I’m coming for you. I swear on my life today;” and “[I]t’s over for everyone

today. I’m glad I’m doing what I’m doing . . . I’m out of my mind, and you just gave

me reasons to hurt people. I’m about to walk up to your house right now and talk

with your father and hope to start a fistfight.” Defendant then sent a photograph of

the Rooks’ home to Dawn, stating “I’m at your [expletive deleted] house, Dawn.

Answer my call or I’m walking up there, I swear.”

 -2-
 STATE V. FOREMAN

 Opinion of the Court

 Dawn and her mother had already left for work by the time Defendant arrived

at the Rooks’ home. Mr. Rook, who was in his late 60s, was home alone. Around

10:00 a.m., Mr. Rook saw Defendant carrying a package up the sidewalk. Mr. Rook

did not recognize Defendant but assumed he was a delivery person. Thinking that

his wife or his daughter had ordered something, Mr. Rook met Defendant at the front

door. When Mr. Rook opened the door, Defendant asked, “Are you Benny Rook?”

Defendant then stabbed Mr. Rook and forced his way inside the home. Once inside,

Defendant hit Mr. Rook with two side-tables, a large glass cake dome, and a wine

bottle.

 Defendant left the residence. He then called Dawn and told her what he had

done. Meanwhile, Mr. Rook grabbed his gun, locked the door, and called his wife for

help. Officers found broken glass and blood in the Rooks’ home. They also observed

stab marks in the linoleum floor and recovered a bent knife. Defendant also left the

package with his name and address on the delivery label.

 By the time Mr. Rook arrived at the hospital, he had lost approximately 20%

of his blood and had sustained “life-threatening” injuries. Mr. Rook had several

lacerations to his head and face and an injury to his left forearm where Defendant

struck him with a table. While in surgery for his injuries, Mr. Rook suffered from an

aspiration event which required the operating team to conduct a bronchoscopy. Mr.

Rook spent several days in the hospital recovering.

 -3-
 STATE V. FOREMAN

 Opinion of the Court

 Defendant was tried in August 2018. Prior to opening statements, Defendant’s

counsel introduced a “Harbison Acknowledgment.” This sworn document was signed

by Defendant and his trial counsel, and it stated that:

 Pursuant to State v. Harbison, 315 N.C. 175 (1985), I,
 Rafiel Foreman, hereby give my informed consent to my
 lawyer(s) to tell the jury at my trial that I am guilty of
 Assault with a Deadly Weapon Inflicting Serious Injury. I
 understand that:

 1. I have a right to plead not guilty and have a jury
 trial on all of the issues in my case.
 2. I can concede my guilt on some offenses or some
 lesser offense than what I am charged with if I desire to for
 whatever reason.
 3. My lawyer has explained to me, and I understand
 that I do not have to concede my guilt on any charge or
 lesser offense.
 4. My decision to admit that I am guilty of Assault with
 a Deadly Weapon Inflicting Serious Injury is made freely,
 voluntarily and understandingly by me after being fully
 appraised of the consequences of such admission.
 5. I specifically authorize my attorney to admit that I
 am guilty of Assault with a Deadly Weapon Inflicting
 Serious Injury.

 The following colloquy then occurred between the trial court and Defendant

regarding the Harbison Acknowledgement:

 THE COURT: Mr. Foreman, I’m reading a paper that
 your attorney handed me. Did he discuss with you his
 intention to admit and concede that you are guilty of
 assault with a deadly weapon inflicting serious injury?

 [DEFENDANT]: Yes, Your Honor, he did.

 THE COURT: Do you understand that you have the
 right to plead not guilty and be tried by a jury on all issues?

 -4-
 STATE V. FOREMAN

 Opinion of the Court

 [DEFENDANT]: Yes, Your Honor.

 THE COURT: You understand that if you concede
 your guilt in this case, that the jury could in fact find you
 guilty of that offense?

 [DEFENDANT]: Yes, Your Honor.

 THE COURT: And you understand that you do not
 have to concede your guilt on that point?

 [DEFENDANT]: Yes, Your Honor.

 THE COURT: And is the decision to admit your guilt
 to assault with a deadly weapon inflicting serious injury
 made freely, voluntarily, and understandingly?

 [DEFENDANT]: Yes, Your Honor.

 THE COURT: Do you understand the ramifications of
 that and the consequences of such admission?

 [DEFENDANT]: Yes, Your Honor.

 THE COURT: And do you specifically authorize your
 attorney to admit that you’re guilty of assault with a deadly
 weapon inflicting serious injury?

 [DEFENDANT]: Yes, Your Honor.

The trial court then found:

 that the Defendant . . ., under State v. Harbison, has been
 advised of his attorney’s intention to admit his guilt to
 assault with a deadly weapon inflicting serious injury;
 [t]hat the Defendant has consented to that strategy; [t]hat
 consent was given freely and voluntarily after being
 advised of his rights; [a]nd that he knowingly, voluntarily,
 freely, and understandingly has acknowledged and has
 consented to that strategy on behalf of his counsel.

 -5-
 STATE V. FOREMAN

 Opinion of the Court

 During opening statements, defense counsel conceded that Defendant was

guilty of AWDWISI pursuant to the Harbison Acknowledgment. Counsel then argued

the evidence would fail to show Defendant intended to kill Mr. Rook. At the close of

the State’s evidence, Defendant moved to dismiss the charges of AWDWIKISI and

attempted murder. Defendant’s motion was denied. The defense presented no

evidence at trial.

 Defense counsel also conceded Defendant’s guilt to AWDWISI during closing

arguments and argued that Defendant did not intend to kill Mr. Rook. The jury found

Defendant guilty of AWDWIKISI, attempted first-degree murder, and felonious

breaking and entering.

 Defendant timely appeals, alleging he was denied effective assistance of

counsel because his concession of guilt to AWDWISI was not knowing or voluntary

and that he was not informed his admission of guilt would then support a conviction

for attempted first-degree murder. Defendant also alleges the trial court failed to

conduct an adequate Harbison inquiry to determine if he understood the

consequences of his admission of guilt. We disagree.

 Standard of Review

 “On appeal, this Court reviews whether a defendant was denied effective

assistance of counsel de novo.” State v. Wilson, 236 N.C. App. 472, 475, 762 S.E.2d

894, 896 (2014). “Under a de novo review, the court considers the matter anew and

 -6-
 STATE V. FOREMAN

 Opinion of the Court

freely substitutes its own judgment for that of the lower tribunal.” State v. Williams,

362 N.C. 628, 632-33, 669 S.E.2d 290, 294 (2008) (citation and quotation marks

omitted).

 Analysis

 Ordinarily, to prevail on a claim of ineffective assistance of counsel, the

defendant “must show that counsel’s performance was deficient,” and “that the

deficient performance prejudiced the defense.” Strickland v. Washington, 466 U.S.

668, 687 (1984). However, our Supreme Court has held that per se ineffective

assistance of counsel exists “in every criminal case in which the defendant’s counsel

admits the defendant’s guilt to the jury without the defendant’s consent.” State v.

Harbison, 315 N.C. 175, 180, 337 S.E.2d 504, 507-08 (1985). “Harbison applies when

defense counsel concedes defendant’s guilt to either the charged offense or a lesser

included offense.” State v. Alvarez, 168 N.C. App. 487, 501, 608 S.E.2d 371, 380

(2005). However, Harbison does not apply where defense counsel has conceded an

element of a crime charged, while still maintaining the Defendant’s innocence.

Wilson, 236 N.C. App. at 477, 762 S.E.2d at 897.

 Defendant argues that his trial counsel’s concession of guilt to AWDWISI

“effectively admitted to the far more serious charge of attempted first-degree

murder.”

 -7-
 STATE V. FOREMAN

 Opinion of the Court

 “For an offense to be a lesser-included offense, all of the essential elements of

the lesser crime must also be essential elements included in the greater crime.” State

v. Rainey, 154 N.C. App. 282, 285, 574 S.E.2d 25, 27 (2002) (citation and quotation

marks omitted). “The essential elements of assault with a deadly weapon inflicting

serious injury are: (1) an assault (2) with a deadly weapon (3) inflicting serious injury

(4) not resulting in death.” State v. Littlejohn, 158 N.C. App. 628, 635, 582 S.E.2d

301, 306 (2003) (citations and quotation marks omitted). The essential elements of

attempted first-degree murder are (1) a specific intent to kill another person

unlawfully; (2) “an overt act calculated to carry out that intent, going beyond mere

preparation;” (3) the existence of malice, premeditation and deliberation

accompanying the act; and (4) a failure to complete the intended killing. State v.

Cozart, 131 N.C. App. 199, 202-03, 505 S.E.2d 906, 909 (1998).

 AWDWISI is not a lesser-included offense of attempted first-degree murder.

See Rainey, 154 N.C. App. at 285, 574 S.E.2d at 27 (“Assault with a deadly weapon

requires the State to prove the existence of a deadly weapon; however, attempted

murder does not require a deadly weapon. Accordingly, assault with a deadly weapon

inflicting serious injury is not a lesser-included offense of attempted first-degree

murder.”). AWDWISI requires proof of an element not required for attempted first-

degree murder: the use of a deadly weapon. Cozart, 131 N.C. App. at 204, 505 S.E.2d

at 910. In addition, attempted first-degree murder requires proof of elements not

 -8-
 STATE V. FOREMAN

 Opinion of the Court

required for AWDWISI: an intent to kill, and premeditation and deliberation.

Although defense counsel conceded guilt to AWDWISI, the State, in this case, still

had to prove the elements of intent to kill, and malice, premeditation and

deliberation. Because the State had to prove additional elements for attempted first-

degree murder, AWDWISI is not a lesser-included offense and Defendant’s concession

of guilt to that offense does not support a conviction for attempted first-degree

murder.

 Furthermore, Defendant’s consent to his concession of guilt for AWDWISI was

knowing and voluntary. Defendant confirmed that he understood the ramifications

of conceding guilt to AWDWISI and that he had the right to plead not guilty.

Defendant’s counsel filed the Harbison Acknowledgment in which Defendant

expressly gave his trial counsel permission to concede guilt to AWDWISI after “being

fully appraised of the consequences of such admission.” In this case, the facts show

that Defendant knew his counsel was going to concede guilt to AWDWISI, and the

trial court properly ensured that Defendant was aware of the ramifications of such a

concession. In addition, at no point at trial did defense counsel concede guilt to

attempted murder. Defendant’s argument that his concession to AWDWISI was a

concession of guilt for attempted murder is meritless. Therefore, we conclude that

Defendant was not denied effective assistance of counsel in violation of Harbison. See

State v. Matthews, 358 N.C. 102, 109, 591 S.E.2d 535, 540 (2004).

 -9-
 STATE V. FOREMAN

 Opinion of the Court

 Defendant next argues that the trial court failed to conduct an adequate

Harbison inquiry to determine if he understood the consequences of conceding guilt

to AWDWISI because the court “focused solely on the implications of being convicted

of the lesser assault,” not the “de facto admission of the elements of attempted first-

degree murder.” We disagree.

 “The standard of review for alleged violations of constitutional rights is de

novo.” State v. Hamilton, ___ N.C. App. ___, ___, 822 S.E.2d 548, 552 (2018), rev.

dismissed, ___ N.C. ___, 830 S.E.2d 822 (2019), and rev. denied, ___ N.C. ___, 830

S.E.2d 824 (2019).

 “[T]he trial court must be satisfied that, prior to any admissions of guilt at trial

by a defendant’s counsel, the defendant must have given knowing and informed

consent, and the defendant must be aware of the potential consequences of his

decision.” State v. Maready, 205 N.C. App. 1, 7, 695 S.E.2d 771, 776 (2010). “The

facts must show, at a minimum, that defendant knew his counsel [was] going to make

such a concession.” Matthews, 358 N.C. at 109, 591 S.E.2d at 540 (emphasis in

original).

 In State v. Johnson, the defendant argued on appeal that the trial court failed

to conduct an adequate Harbison inquiry as to whether he knowingly and voluntarily

consented to conceding guilt. 161 N.C. App. 68, 76, 587 S.E.2d 445, 451 (2003). At

trial, the court directly asked the defendant the following:

 - 10 -
 STATE V. FOREMAN

 Opinion of the Court

 THE COURT: [Y]ou have heard what [defense
 counsel] just said. Have ya’ll previously discussed that
 before he made his opening statements?

 THE DEFENDANT: Yes, sir, we did.

 THE COURT: And did he have your permission
 and authority to make that opening statement to the jury?

 THE DEFENDANT: Yes, sir, he did.

 THE COURT: You consent to that now?

 THE DEFENDANT: Yes, sir.

Id. at 77, 587 S.E.2d at 451 (ellipses omitted). This Court found that the trial court’s

inquiry was sufficient “to establish that defendant had previously consented to his

counsel’s concession that he was present and had” committed the crime for which he

was conceding guilt. Id. at 77-78, 587 S.E.2d at 451.

 In the present case, Defendant’s concession of guilt to AWDWISI was not a

concession of guilt to attempted first-degree murder because, as stated earlier, the

State still had to prove the elements of intent to kill and premeditation and

deliberation. Moreover, Defendant understood the implications of admitting guilt to

AWDWISI as shown by his colloquy with the trial court. The trial court questioned

Defendant to determine whether he gave his defense counsel permission to admit

guilt. The record demonstrates that Defendant fully understood that trial counsel

was going to concede guilt to AWDWISI, and the Defendant expressly consented to

the concession. Further, Defendant specifically acknowledged that he understood the

 - 11 -
 STATE V. FOREMAN

 Opinion of the Court

consequences of the concession. In addition, the trial court also inquired as to

whether Defendant met with defense counsel about the admission of guilt, and

whether Defendant understood he could plead not guilty to all issues. Thus, the trial

court did not err.

 Finally, Defendant filed a motion for appropriate relief with this Court

pursuant to N.C. Gen. Stat. § 15A-1418. A defendant’s motion for appropriate relief

may be determined by this Court if there is sufficient information in the record. N.C.

Gen. Stat. § 15A-1418 (2019). “A defendant who seeks relief by motion for appropriate

relief must show the existence of the asserted ground for relief.” N.C. Gen. Stat.

§ 15A-1420(c)(6) (2019). Because the trial court conducted an appropriate Harbison

inquiry, as set forth above, Defendant cannot show that his “conviction was obtained

in violation of the Constitution of the United States or the Constitution of North

Carolina.” N.C. Gen. Stat. § 15A-1415(b)(3) (2019). Because Defendant cannot show

the existence of the asserted ground for relief, i.e., a Harbison violation, Defendant’s

motion for appropriate relief is denied.

 Conclusion

 For the foregoing reasons, we hold Defendant’s consent was knowing and

voluntary as he was aware of the consequences and ramifications of such an

admission. As Defendant’s consent to his attorney’s concession of guilt was knowing

 - 12 -
 STATE V. FOREMAN

 Opinion of the Court

and voluntary, he was not denied effective assistance of counsel in violation of

Harbison. Defendant’s motion for appropriate relief is denied.

 AFFIRMED IN PART, DENIED IN PART.

 Judge DIETZ and BROOK concur.

 - 13 -