An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-360

Filed 3 December 2025

Johnston County, Nos. 23CR266278-500, 23CR004343-500, 23CR004344-500

STATE OF NORTH CAROLINA

v.

DONALD WESLEY CURRIN, JR.

Appeal by defendant from judgment entered 18 July 2024 by Judge Thomas H. Lock in Johnston County Superior Court. Heard in the Court of Appeals 18 November 2025.

> *Attorney General Jeff Jackson, by Assistant Attorney General William L. Flowers, III, for the State.*

> *Richard J. Costanza for defendant-appellant.*

ARROWOOD, Judge.

Donald Wesley Currin Jr. ("defendant") appeals from judgment entered 18 July 2024 upon his conviction of: (1) possession of a firearm by a felon; (2) felony possession of cocaine; and (3) attaining habitual felon status. Defendant argues that he received ineffective assistance of counsel. For the following reasons, we discern

no prejudicial error and affirm defendant's convictions.

## I.    Background

On 25 March 2023, defendant was at the home of his girlfriend, Melissa Oakley ("Oakley").  Defendant did not reside in the home but often spent nights there and had a set of keys to the residence.  When Oakley arrived home that evening, defendant was sitting on the back porch.  He was intoxicated and drinking from a fifth of Evan Williams.  Oakley drank a few shots of Crown Apple soon after she got home.

Later that evening, Oakley shouted at defendant to go inside and "popped" him on the face.  According to Oakley, defendant then picked her up by the throat, slammed her into the ground, pulled a gun out from his right side, and pointed the gun at her face.  Oakley's son, Kalup Seaberry ("Kalup"), saw the altercation and alerted Oakley's mother, Tammy Pruitt ("Pruitt").  Pruitt went outside to the back porch while Kalup called 911.

Deputy Sherriff Cobi Taylor responded to the call.  Deputy Taylor had several years of experience and training in law enforcement, including in narcotics and responding to domestic calls.  When he arrived, Deputy Taylor saw defendant on the back porch wearing a t-shirt with the words "Fuquay Gun and Gold."  Another officer searched the outside of a shed in the backyard and found a handgun with a brown holster, an AR-styled rifle, a shotgun, and two bolt-action rifles. Additionally, officers found a pellet gun and a bag that contained several magazines for a handgun by the

porch where defendant had been sitting. When asked about the firearms, defendant was adamant that they did not belong to him.

Deputy Taylor then placed defendant under arrest for assault by pointing a gun and possession of a firearm by a felon. Deputy Taylor proceeded to search defendant and found a small bag containing a white powdery substance in his wallet. A field test of the powder and later State Crime Lab analysis confirmed it was cocaine. Defendant was silent during his arrest and made no statements about the cocaine.

The case came on for trial on 15 July 2024 and the State presented testimony from several witnesses and officers. Kalup and Pruitt both testified that they saw defendant point a handgun at Oakley and had seen defendant with the same handgun and holster earlier in the day. Additionally, Oakley testified that prior to the incident, she had seen defendant with the handgun and that it was normal for defendant to have that handgun and holster on him. Oakley also denied having any knowledge of the firearms found by her shed and admitted to not being allowed to legally possess firearms.

Deputy Taylor testified about his observations that night and the process surrounding defendant's initial appearance before the magistrate. He stated "[t]he magistrate either finds probable cause or not probable cause to charge the defendant. . . . in this case the magistrate found probable cause to charge [defendant]." Additionally, Deputy Taylor testified about defendant's silence when he was arrested and the cocaine was found. The State then emphasized that

testimony in its closing argument, telling the jury that defendant was silent because "he knows it's in there . . . He knows he has that cocaine. He doesn't put up a fuss about it, and he certainly has the power and control and disposition of its use." Defendant's attorney did not object to Deputy Taylor's testimony about the magistrate and defendant's silence nor the State's closing argument.

On 18 July 2024, the jury found defendant guilty of possession of a firearm by a felon and felony possession of cocaine. The jury found defendant not guilty of assault by a pointed gun. Defendant pled guilty to attaining habitual felon status. Defendant filed notice of appeal to this court on 23 July 2024.

## II.     Discussion

Defendant argues that he received ineffective assistance of counsel when his attorney failed to object to Deputy Taylor's testimony about the magistrate's finding of probable cause and defendant's silence during his arrest, as well as the State's closing argument that defendant's silence indicated that he was guilty of possession of cocaine. In response, the State argues that defendant's claim is premature and fails to demonstrate prejudice.

### A.     Standard of Review

This Court applies a *de novo* standard of review when assessing ineffective assistance of counsel claims on direct appeal. *State v. Wilson*, 236 N.C. App. 472, 475 (2014).

### B.     Ineffective Assistance of Counsel

Ineffective assistance of counsel claims may be presented on direct appeal or by a motion for appropriate relief. When presented on direct appeal, ineffective assistance of counsel claims "will be decided on the merits when the cold record reveals that no further investigation is required, i.e., claims that may be developed and argued without such ancillary procedures as the appointment of investigators or an evidentiary hearing." *State v. Fair*, 354 N.C. 131, 166 (2001). In other words, where the record and the trial court's order are sufficient to assess the ineffective assistance of counsel claim, it may be reviewed on direct appeal. *See State v. Oglesby*, 382 N.C. 235, 245 (2022). Claims arising from an attorney's failure to object at trial often do not require further investigation and can be brought and decided on direct appeal. *See Fair*, 354 N.C. at 166, 168; *State v. Turner*, 237 N.C. App. 388, 396 (2014); *State v. Hartley*, 212 N.C. App. 1, 11–12 (2011).

In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the United States Supreme Court established a two-part test for ineffective assistance of counsel that our Supreme Court subsequently adopted in *State v. Braswell*, 312 N.C. 553, 562 (1985). Under that test, the defendant must show that 1) their counsel's performance was deficient and 2) the deficient performance prejudiced the defense. *Braswell*, 312 N.C. at 562. If a reviewing court can determine at the outset that the prejudice prong is not met, then the court need not determine whether counsel's performance was actually deficient. *Braswell*, 312 N.C. at 563.

To satisfy the prejudice prong, "[t]he defendant must show that there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* The likelihood of a different result must be substantial, but the reasonable probability standard requires less than plain error. *State v. Lane*, 271 N.C. App. 307, 314 (2020) (citing *Harrington v. Richter*, 562 U.S. 86, 112 (2011)).

Here, defendant's claim requires no further investigation, and the record is sufficient to show that the alleged errors of defendant's counsel did not prejudice his defense. Accordingly, we can review defendant's claim on direct appeal and decide it on the merits. Furthermore, because defendant fails to show prejudice, we do not determine whether counsel's performance was actually deficient.

There was sufficient evidence of defendant's guilt presented at trial such that there is not a reasonable probability that the result would have been different absent counsel's alleged errors. Defendant's conviction of cocaine possession was supported by witness testimony and lab tests. Deputy Taylor, an officer with experience in narcotics investigations, testified that he found white powder on defendant's person. The powder was confirmed to be cocaine through both a field test and subsequent lab tests. Even without the testimony and arguments about defendant's silence and the magistrate's finding of probable cause, the State had presented ample evidence that defendant possessed cocaine. Moreover, defendant presented no evidence to the contrary. Thus, there is not a reasonable probability that, but for counsel's errors,

the jury would not have convicted defendant of felony possession of cocaine.

Similarly, there was enough evidence supporting defendant's conviction of possession of a firearm by a felon that absent counsel's alleged error, the outcome most likely would have been the same. The only alleged error relevant to the jury's conclusion that defendant possessed a firearm was counsel's failure to object to Deputy Taylor's testimony about the magistrate finding probable cause. Meanwhile, three separate witnesses testified to having seen defendant carrying and pointing a gun. Defendant argues that the acquittal of his assault charge indicates that the jury had some measure of disbelief in the testimonies of Oakley and her family. However, the jury could have acquitted defendant of assault while still believing at least the portions of witness testimony that defendant was carrying a handgun. Moreover, even if we assume the jury did not believe their testimony, several guns and a holster were found in the backyard and a pouch with handgun magazines was found by the back porch where defendant had been sitting all night. In the face of this evidence, the exclusion of Deputy Taylor's testimony about the magistrate's finding of probable cause does not create a reasonable probability that the jury would have reached a different conclusion about defendant's guilt.

Defendant has failed to show that his counsel's allegedly deficient performance prejudiced the defense. Accordingly, his ineffective assistance of counsel claim fails.

### III.    Conclusion

For the foregoing reasons, we hold that defendant did not receive ineffective assistance of counsel, and accordingly we discern no prejudicial error.

NO PREJUDICIAL ERROR.

Judges COLLINS and HAMPSON concur.

Report per Rule 30(e).